**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **STEPHEN C. ELLIOTT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 1:06CV00020 LMB** |
| ) | |
| **SCOTT COUNTY JAIL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of
Stephen C. Elliott (registration no. 1139572), an inmate at the
Eastern Reception and Diagnostic Correctional Center (ERDCC), for
leave to commence this action without payment of the required
filing fee [Doc. #2].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a
civil action in forma pauperis is required to pay the full amount
of the filing fee.  If the prisoner has insufficient funds in his
prison account to pay the entire fee, the Court will assess and,
when funds exist, collect an initial partial filing fee of 20
percent of the greater of (1) the average monthly deposits in the
prisoner's account; or (2) the average monthly balance in the
prisoner's account for the prior six month period.  See 28 U.S.C.
§ 1915(b)(1).  After payment of the initial partial filing fee, the
prisoner will be required to make monthly payments of 20 percent of
the preceding month's income credited to the prisoner's account.
See 28 U.S.C. § 1915(b)(2).  The agency having custody of the

prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $3.33, and an average monthly account balance of $0.83.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $0.67, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

### The complaint[1]

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 . for alleged violations of his constitutional rights. Named as defendants are the Scott County Jail, the "Medical Staff" at Scott County Jail, Rick Walters, and Jim Bonner. Briefly, plaintiff alleges that he suffers from "severe manic deppression [sic], anxiety, sleeping disorder [and] hearing voices." Before his confinement, plaintiff alleges that he was prescribed Paxil and Rispodol for his condition. After becoming confined at the Scott County Jail, plaintiff was initially prescribed Paxil and Prozac, but these medications were stopped "cold turkey." Plaintiff asserts that he was informed that he would be prescribed medication only if he had a "life or death" medical condition. Plaintiff further asserts that he has previously attempted to commit suicide.

### Discussion

Plaintiff's claims against defendants Medical Staff, Walters, and Bonner regarding the denial of medical treatment for

---

[1]For purposes of this review, the complaint consists of the original complaint and the supplemental complaint filed on March 1, 2006.

plaintiff's mental conditions survive review under § 1915(e)(2)(B) and should not be dismissed as this time.  See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2).  Therefore, the Court will order that defendants Medical Staff, Walters, and Bonner reply to these claims.

Plaintiff's complaint against the Scott County Jail, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Scott County Jail is not a suable entity.  See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill 1993); cf. Catlett v. Jefferson County, 299 F. Supp. 967, 968-69 (E.D. Mo. 2004) (subdivision of local government entity that lacks capacity to be sued under applicable state law may not be sued in federal court under § 1983.  Furthermore, plaintiff has not alleged that unlawful actions were taken pursuant to the County's policies or customs. See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $0.67 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the

initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Scott County Jail because the claims against this defendant are legally frivolous or fail to state a claim upon which relief may be granted or both. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Medical Staff, Rick Walters, and Jim Bonner.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Medical Staff, Rick Walters, and Jim Bonner shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

So Ordered this 12th Day of April, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

5